# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Koresko Law Firm, P.C.

**DEFENDANTS**
Hubert Brown

(b) County of Residence of First Listed Plaintiff: **Montgomery**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Newton, Kansas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
200 W. Fourth St., Bridgeport, Pa. 19405

Attorneys (If Known)
Mannion Prior, LLP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS – PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Claim for Fees and other damages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12-18-09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CIVIL ACTION**

Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405

Case No._____

**Declaratory and Other Relief**

vs

Hubert L. Brown, Ph.D.
Executor of the Estate of Lessie Mae Brown
And Trustee of the Lessie Mae Brown Trust
2907 Bluestem Ct.
North Newton, Kansas 67117

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C.§§ 1332, 1441 and 1446, Defendants (Koresko Parties) respectfully remove the above captioned matter from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania and in support thereof states as follows:

1. On November 19, 2009, Koresko Law Firm P.C. commenced an action in the Court of Common Pleas of Montgomery County, Pennsylvania at No. 2009-37442. The action is related to another matter in the Court of Common Pleas of Montgomery County, Orphans Division filed at No. 2009-3893 which is subject to a separate but contemporaneous Notice of Removal to this Court.

2. A true and correct copy of the relevant pleadings are attached as exhibit "A".

3. Fewer than 30 days have passed since the initiation of this action. After the initiation of this matter Plaintiffs, based on pleadings filed by the Defendants herein and the separate

action filed at 2009-3893, determined ihat removal was appropriate. The removal is timely pursuant to 28 U.S.C. §1446(b).

4. Hubert Brown the Trustee in the above captioned matter is a resident of the state of Kansas with his residence at 2907 Bluestem Ct., Newton, Kansas.

5. Koresko Law Firm, P.C. is a professional corporation with a principal office at 200 W. Fourth St., Bridgeport, Pa.

7. The amount in controversy in this matter in this contract/fee dispute includes the attorneys fees, costs and interest as well as damages on claims for commercial defamation and related torts and exceeds the jurisdictional threshold of $75,000 under 28 U.S.C. §1332.

8. 28 U.S.C. 1441 provides in pertinent part that any civil action brought in state court over which the District Court has original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where such action is pending.

9. The above captioned matter is one over which the District court has jurisdiction based upon diversity of citizenship and the amount in controversy. As Montgomery County is within the Eastern District of Pennsylvania removal is proper to the United States District Court for the Eastern District of Pennsylvania.

10. The Koresko Law Firm, P.C. does not waive any defense, objection, exception or motions by filing this Notice of Removal.

11. The Koresko Law Firm, P.C. will give prompt notice of this filing to all adverse parties and shall file a copy wit the Court of Common Pleas of Montgomery County, in compliance with 28 U.S.C. §1446(D).

12. Removal is proper in this case.

Wherefore, this action is hereby removed from the Court of Common Pleas f Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

_____
John J. Koresko, V
Attorney for Koresko Law Firm, P.C.

Pa. I.D. 42795
200 W. Fourth Street
Bridgeport, Pa. 19405
610-992-2200

## CERTIFICATE OF SERVICE

I hereby certify that the Notice of Removal has been served on all parties and interested counsel by first class mail to the addresses appearing below and on the date noted.

Betty Montana, Esq.  
11 East Airy Street  
Norristown, Pa. 19401

Jennifer DiVeterano Gayle, Esq.  
Mannion Prior, LLP  
840 First Ave., Suite 100  
King of Prussia, Pa. 19406

December 18, 2009

_____  
John J. Koresko, V, Esquire  
200 West 4th Street  
Bridgeport, Pa. 19405  
610-992-2200

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
Civil Division

Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405

Case No.2009-37442

**Declaratory and Other Relief**

vs

Hubert L. Brown, Ph.D.
Executor of the Estate of Lessie Mae Brown
And Trustee of the Lessie Mae Brown Trust
2907 Bluestem Ct.
North Newton, Kansas 67117

**PRAECIPE FOR REMOVAL TO DISTRICT COURT**

To The Prothonotary:

Kindly remove the above entitled action from this Court to the United States District Court for the Eastern District of Pennsylvania. Notice of Removal was filed with the District Court on December 18, 2009. A copy of the Notice is attached hereto as Exhibit A.

_____
John J. Koresko, V
In his own right and as
Attorney for Koresko Law Firm, P.C.

Pa. I.D. 42795
200 W. Fourth Street
Bridgeport, Pa. 19405
610-992-2200

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
Civil Division

Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405

Case No._____

vs

Declaratory and Other Relief

Hubert L. Brown, Ph.D.
Executor of the Estate of Lessie Mae Brown
And Trustee of the Lessie Mae Brown Trust
2907 Bluestem Ct.
North Newton, Kansas 67117

**Praecipe For Writ of Summons**

To the Prothontary:

Please issue a Summons in Civil Action in the above case.

Writ of Summons shall be forwarded to   X  Attorney _____Sheriff

Date:  11-18-09

John J. Koresko, V
Pa. I.D. 42795
Attorney for Plaintiff
200 W. Fourth St.
Bridgeport, Pa. 19405
610-992-2200



2009-37442-0000
11/19/2009 9:37:15 AM
Summons Civil Action
Receipt#   2009-9-03686
Mark Levy - Montgomery County Prothonotary

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
Civil Division

Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405

Case No._____

vs

Declaratory and Other Relief

- Hubert L. Brown, Ph.D., individually and as
- Executor of the Estate of Lessie Mae Brown
and Trustee of the Lessie Mae Brown Trust
and the Estate of Lessie Mae Brown and
the Lessie Mae Brown Trust
2907 Bluestem Ct.
North Newton, Kansas 67117

Writ of Summons

TO: Hubert L. Brown; Estate of Lessie Mae Brown; Lessie Mae Brown Trust:

**YOU ARE NOTIFIED THAT THE PLAINTIFF(S) HAVE COMMENCED AN ACTION AGAINST YOU.**

SEAL

Mark Levy
Prothonotary, Montgomery County

Date: 11-19-09

By:_____
Deputy/Clerk

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

VS.    :    NO.

**COVER SHEET OF MOVING PARTY**

Date of Filing _11-20-09_ Moving Party _Koresko Law Firm_

Counsel for Moving Party _John J. Koresko, V_ I.D. No. _42795_

Document Filed (Specify) _Petition To Stay Proceedings and Compel Arbitration_

Matter is (Check One)    ___ (Appealable)   _✓_ (Interlocutory)

Oral Argument    ___ (Yes)   _✓_ (No)

---

**CERTIFICATIONS** - Check **ONLY** if appropriate:

___ Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

___ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the case. (If checked, skip Rule to Show Cause section below.)

By: _____
     Counsel for Moving Party

---

**RULE TO SHOW CAUSE** - Check **ONE** of the Choices Listed Below:

_✓_ Respondent is Directed to Show Cause, in the **Form of a Written Response**, Why the Attached Motion Should Not be Granted. Rule Returnable the ___ day of ___, 20___ at **1:00 p.m.** in **Court Administration 2nd Flr.**

___ Respondent is Directed to Show Cause, in the Form of a Written Response, Why the Attached Family Court Discovery Motion Should Not be Granted. Rule Returnable and Argument the ___ day of ___, 20___ at **1:00 p.m.** at 321 Swede Street, Norristown, Pa.

___ Respondent is Directed to File a Written Response in Conformity with the Pennsylvania Rules of Civil Procedure.

___ Rule Returnable at time of trial.

By: _____
     Court Administrator

6/09

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
Civil Division

Koresko Law Firm, P.C.
200 West Fourth Street
Bridgeport, Pa. 19405

vs.

Hubert L. Brown, Ph.D., individually and as
Executor of the Estate of Lessie Mae Brown
and Trustee of the Lessie Mae Brown Trust
and the Estate of Lessie Mae Brown and
the Lessie Mae Brown Trust
2907 Bluestem Ct.
North Newton, Kansas 67117

Case No. 09-37442

**Declaratory and Other Relief**

## ORDER

And now this _____ day of _____, 2009 upon consideration of the Plaintiffs' Petition to Stay Proceedings and to Compel Arbitration, and any response thereto, it is hereby ORDERED that the Motion is GRANTED. All proceedings are hereby STAYED. It is further ORDERED that the Defendants must submit to arbitration or alternative dispute resolution consistent with the terms of the parties' agreement which was attached to the Petition. Plaintiffs are directed to advise defendant and its counsel within 30 days of this Order of its choice or arbitration or alternative dispute resolution. It is further ORDERED that upon completion of arbitration or alternative dispute resolution, Plaintiffs notify the Court and file the appropriate case termination documents.

BY THE COURT:

_____

John J. Koresko, V, Esq.
Pa. I.D. #42795
Koresko Law Firm, P.C.
200 W. Fourth Street
Bridgeport, Pa. 19405
610-992-2200                                             Attorney For Plaintiffs

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA
### Civil Division

| | |
|---|---|
| Koresko Law Firm, P.C.<br>200 West Fourth Street<br>Bridgeport, Pa. 19405<br>**Plaintiff**<br><br>vs.<br><br>Hubert L. Brown, Ph.D., individually and as<br>Executor of the Estate of Lessie Mae Brown<br>and Trustee of the Lessie Mae Brown Trust<br>and the Estate of Lessie Mae Brown and<br>the Lessie Mae Brown Trust<br>2907 Bluestem Ct.<br>North Newton, Kansas 67117<br>**Defendants** | Case No.09-37442<br><br>**Declaratory and Other Relief** |

### Petition To Stay Proceedings and
### Compel Arbitration

Plaintiff, Koresko Law Firm, P.C., respectfully requests that this Court enter an order to stay all proceedings and to compel arbitration and in support thereof represent as follows:

1. Plaintiff commenced this action by Writ of Summons filed contemporaneously.

2. Plaintiffs were retained as counsel by Defendant Hubert L. Brown in connection with the Estate and Trust of the late Lessie Mae Brown. Defendant Hubert L. Brown serves as the executor of the Estate of Lessie Mae Brown and as the Trustee of the Lessie May Brown Trust.

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

3. This matter arises from a contract made in Montgomery County, from services rendered in Montgomery County, and relates to a res located in Montgomery County.

4. Defendant accepted legal services from Plaintiff subject to the terms of the **LEGAL SERVICES AGREEMENT** dated January 8, 2008 and attached hereto as "Exhibit 1".

5. The **LEGAL SERVICES AGREEMENT** in paragraph 12 states:

   "Dispute resolution-arbitration. The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter. The parties consent to exclusive personal jurisdiction in any state or federal court or forum for arbitration or dispute resolution located in the Eastern District of Pennsylvania where an action is commenced. Service of any paper or pleading may be effected by certified mail or such other means requiring signature confirming receipt, sent to the address of the party set forth herein. The forum selection provision is material part of Attorney's inducement to enter into representation. Attorney shall have the exclusive discretion to elect a form of binding arbitration or alternative dispute resolution in lieu of any proceeding in any court of law involving the terms of this agreement."

6. A dispute now exists between Plaintiff and Defendant as to the amount of the fee to be paid for legal services rendered, as well as other amounts that may be awarded.

7. Defendant terminated the attorney-client relationship with Plaintiff in the first part of September 2009. On September 11, 2009, the client file was delivered to new counsel, Ms. Betty Montana, Esquire. On September 24, 2009 a check in the amount of $180,000 payable to the Lessie Mae Brown Trust was delivered to Ms. Montana's office. The check represents the proceeds of the sale of real estate: $215,887.24 less the attorney's fees due to Plaintiffs.

8. In October 2009, Defendant contacted the Legal Fee Dispute Resolution Committee of the Montgomery Bar Association; and shortly thereafter, Plaintiff wrote to the Chairman of that Committee, asking whether a member of that Committee would be willing to serve as an

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

arbitrator pursuant to the Legal Services Agreement. To date Plaintiff has had no response from the Committee or its Chairman.

9. On information and belief, said Committee communicated Plaintiff's desire to arbitrate to Defendants.

10. On November 17, 2009 Plaintiffs received correspondence from Attorney Jennifer DiVeterano Gayle of Mannion Prior, LLP. A copy of the correspondence is attached as "Exhibit 2". The correspondence threatens to commence suit in a court of law on behalf of Mr. Brown and the Estate and Trust.

11. Plaintiff herein now exercises his discretion under the Legal Services Agreement noted above and shall proceed to arbitration. Service of this Motion shall serve as notice to Defendants and counsel of the intent to proceed to arbitration.

12. The actions of Defendant to date and the correspondence from his counsel clearly demonstrate the intent of Defendants not to comply with the arbitration and alternative dispute resolution provisions of the Legal Services Agreement.

For the reasons stated herein, Plaintiff respectfully requests that the Court enter an order staying all proceedings involving this subject matter and compelling the parties to proceed to arbitration or alternative dispute resolution as specified in the Legal Services Agreement.

Respectfully submitted,

_____
John J. Koresko, V, Esquire
Pro Se and as counsel for
Koresko Law Firm, P.C.

November 20, 2009

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

## Verification

I hereby verify that the statements contained in the attached Petition are true and correct to the best of my knowledge, information and belief. I make this verification subject to the penalties of 18 Pa. C. S. §4904 relating to unsworn falsification to authorities.

November 20, 2009

John J. Koresko, V

# Koresko & Associates
### A PROFESSIONAL CORPORATION

Attorneys

John J. Koresko, V *+
Jeanne D. Bonney **

200 West Fourth Street
Bridgeport, Pennsylvania 19405

(610) 992-2200
Fax (610) 992-1091

+ Certified Public Accountant
\* Also Admitted in Florida
\*\* Also Admitted in New Jersey

January 8, 2008

Mr. Hubert L. Brown
2907 Bluestem Ct.
North Newton, KS 67117

RE:  **Legal Services Agreement**
     **Estate of Lessie Mae Brown / Lessie Mae Brown Trust**

Dear Mr. Brown :

1.   Introduction. We thank you for the opportunity to be of service in the above-captioned matter. We would like to set forth the terms of our representation, in accordance with the Rules of Professional Conduct of the Pennsylvania Bar ["the Rules"].

2.   Definitions. The terms "you," or "your," or "Client" include you, and all those who act at your direction, including your successors, and assigns; and refers to you in your capacity as fiduciary of the aforesaid estate and trust. The terms "we" or "Attorney" refer to this firm.

3.   Scope of Representation. The legal services to be provided by Attorney to Client are as follows: representation of Client in connection with (a) probate and administration of the Estate of Lessie Mae Brown, and (b) duties of Client as Trustee of that certain "Lessie Mae Brown Trust" dated October 3, 1993. The Rules specifically permit Pennsylvania lawyers to provide non-legal services so long as a client is aware of the limitations on the engagement. All legal services will be performed by us in the jurisdictions in which our attorneys are admitted to the extent we are ever asked to provide same. To the extent of any matters involving the law of other jurisdictions, you authorize us to utilize counsel admitted in that jurisdiction and you will bear the expense of same.

4.   Retainer and future fees. You will be responsible for all charges relating to services we provide, based upon the following. Our fees for services are generally based upon hourly charges for time expended. At present, our professional staff generally bill at the rate of $185 to $400 per hour, depending on experience. Services of legal assistants are billed at up to $100 per hour. These rates are subject to change. These rates are only guides for management; we reserve the right to increase or decrease the amount we bill based upon either the values of services or the customary charges for certain services, which may not reflect actual time expended. For example, in certain engagements, we have billed on the basis of a percentage of assets transferred. In any event, the Rules require that our fees be reasonable based on the results achieved and other factors.

You will be responsible for all costs we incur in conjunction with this representation. Costs include, but are not limited to, court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, photocopying expenses, and process

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

Ex. I

Mr. Hubert L. Brown                                                                 January 8, 2008

server fees. Items that are not to be considered costs, and that must be paid by Client without being either advanced or contributed to by Attorney, include, but are not limited to, other parties' costs, if any, that Client is ultimately required to pay.

We anticipate that you will be billed periodically, but you agree that we may present one or more bills at any time in our sole discretion. We expect that you will remit payment promptly upon receipt of your bill. We will charge an additional fee of one and one-half percent (1 1/2%) per month on all balances outstanding more than thirty (30) days.

We respectfully request **a services retainer of $5,000**, to be paid within five (5) days, which will be deemed earned when paid. This is to be considered a retainer for making ourselves available to you and for our good-faith involvement in your matters. Because of the size of our firm, an engagement of the magnitude we expect will cause us to possibly decline other business opportunities. We may ask you for additional advance retainer payments in the future. In determining fair billing, we may compare the value of time expended against the retainer fees, but the retainer payments will not be held in trust, nor refunded if our representation is terminated.

5.  <u>Referral of work</u>. In the event we find that it is in your best interests, we may refer all or a portion of the required work in this matter to another attorney or professional services provider, including one in which we have a direct or indirect ownership interest or other relationship. In such case, there may be a sharing of fees on terms which are mutually acceptable to this firm and counsel to whom we make the referral. Our fees are set without regard to whether there is a fee sharing arrangement. However, you are ultimately responsible for the fees which are charged by the attorney or other professional services firm.

6.  <u>Conflicts of interest</u>. The Rules require us to notify you of potential or actual conflicts of interest of which we have actual knowledge. Attorney is not aware of any relationship with any other party interested in the subject matter of Attorney's services for Client under this agreement. Attorney believes in good faith that there is no impediment to his ability to zealously represent Client consistent with the Rules of Professional Conduct.

Client understands that Client and Attorney have fiduciary duties to beneficiaries of said estate and trust under applicable law. Accordingly, Attorney will not take any actions that Attorney, in his sole and absolute discretion, determines to be in conflict with those duties, even if that action is contrary to the wishes of Client.

7.  <u>Discharge.</u> Client may discharge Attorney at any time by written notice effective when received by Attorney. Unless specifically agreed by Attorney and Client, Attorney will provide no further services and advance no further costs on Client's behalf after receipt of the notice. If Attorney is Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorney. Notwithstanding the discharge, Client will be obligated to pay Attorney for all services provided and to reimburse Attorney for all costs advanced.

8.  <u>Withdrawal</u>. Attorney may withdraw at any time as permitted under the Rules of Professional Conduct governing Pennsylvania lawyers. The circumstances under which the Rules permit such withdrawal include, but are not limited to, the following: (a) The client consents, or (b) the client's conduct renders it unreasonably difficult for the attorney to carry out the employment effectively, or (c) the representation is so unduly burdensome as to impair Attorney's ability to effectively represent Client. Notwithstanding Attorney's withdrawal, Client will be obligated to pay Attorney for all services

FEE AGREEMENT                                                                        PAGE 2 OF 4

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

Mr. Hubert L. Brown                                                                                       January 8, 2008

provided, and to reimburse Attorney out of the recovery for all costs advanced, before the withdrawal.

9. <u>Release of documents.</u> At the termination of services under this agreement, Attorney will release promptly to Client on request all of Client's papers and property, so long as Client executes such evidence of Attorney's lien for fees as Attorney shall require pursuant to Pennsylvania law and pays all costs associated with production of any documents. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation. Attorney may charge a reasonable fee for reproduction and shipping costs.

10. <u>No guaranty of results.</u> Although Attorney may offer an opinion about possible results regarding the subject matter of this agreement, Attorney cannot guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty or warranty of any type, nor an inducement to remain in any litigation. Client acknowledges that Attorney has not confirmed the viability of the anticipated legal action, and it may be foreclosed by any statute of limitations or other defense raised by Defendants.

11. <u>Entire agreement.</u> This agreement contains the entire agreement of the parties and shall be interpreted and enforced pursuant to Pennsylvania law. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties. This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them. If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder the agreement will be severable and remain in effect..

12. <u>Dispute resolution – arbitration.</u> The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter. The parties consent to exclusive personal jurisdiction in any state or federal court or forum for arbitration or dispute resolution located in the Eastern District of Pennsylvania where an action is commenced. Service of any paper or pleading may be effected by certified mail or such other means requiring a signature confirming receipt, sent to the address of the party set forth herein. This forum selection provision is a material part of Attorney's inducement to enter into representation. Attorney shall have the exclusive discretion to elect a form of binding arbitration or alternative dispute resolution in lieu of any proceeding in any court of law involving the terms of this agreement.

13. <u>Conclusion.</u> We will be happy to begin our additional work upon receipt of the aforementioned initial retainer and a copy of this letter which has been signed below to acknowledge the terms set forth above. Failure to sign this letter shall not be a defense to the terms set forth herein if we begin services based upon oral direction by You or You fail to inform us in writing of your objection to the foregoing terms. We shall assume no responsibility to begin any services or treat you as a client unless and until we receive written notice of your acceptance of the terms set forth herein. **If you have any questions about the terms of this letter, we encourage you to get an explanation from independent legal counsel.** This is our entire agreement unless it is amended in a writing signed by You and our firm. We look forward to serving you.

Very truly yours,

John J. Koresko, V

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

FEE AGREEMENT                                                                                              PAGE 3 OF 4

| Mr. Hubert L. Brown | January 8, 2008 |
|---|---|

**Acknowledgement of Terms of Representation:**

We agree to the foregoing terms of representation. We acknowledge that we have been given the opportunity to seek independent legal counsel before signing this agreement. We understand that no further services will be undertaken without full payment of the above mentioned retainer.

**CLIENT**
**For himself and as fiduciary of Estate of Lessie Mae Brown and Lessie Mae Brown Trust**

By:_____

Print Name:_____

Dated: _____

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

| FEE AGREEMENT | PAGE 4 OF 4 |
|---|---|

11/17/2009 16:27 FAX 6102651204          MANNION PRIOR LLP                    ☒002/002



# MANNION PRIOR, LLP

November 17, 2009

<u>Via Facsimile and Regular Mail</u>

John J. Koresko, V, Esq.
Koresko Law Firm PC
200 W. Fourth Street
Bridgeport, PA 19405

Re:   <u>Estate and Trust of Lessie Mae Brown</u>

Dear Mr. Koresko:

I am writing to advise you that I have been retained by Hubert L. Brown in connection with his efforts to recover the proceeds of sale for the real property located at 1694 Thayer Drive, Blue Bell, Pennsylvania, in the above-captioned Estate and Trust. Betty Montana, Esquire continues to represent Mr. Brown as Executor and as Trustee with respect to the administration of the Estate and Trust.

We are in receipt of the check from your office in the amount of $180,000.00. Our acceptance and deposit of this check is without prejudice to our right to pursue the balance of the proceeds of sale. In that vein, please provide an immediate accounting of the proceeds of sale and turnover the balance of the proceeds. If we do not receive the same within seven days, we will file suit.

Thank you, and please call me with any questions.

Sincerely,

Jennifer DiVeterano Gayle

cc:   Mr. Hubert L. Brown (via email only)
      Betty Narducci Montana, Esq. (via email only)
      James F. Mannion, Esq.

Ex. 2

Case# 2009-37442-7 Received at Montgomery County Prothonotary on 11/20/2009 12:33 PM, Fee = $0.00

840 FIRST AVENUE, SUITE 100, KING OF PRUSSIA, PENNSYLVANIA 19406-1459
(610) 265-7800      (610) 265-1204 (fax)      www.mannionprior.com